O

FILED
MAY 16 2012
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VICKEY M. VILLEGAS,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>  Defendant. | Case No. CV 12-1585-JFW (MLG)<br><br>MEMORANDUM OPINION AND ORDER<br>DISMISSING COMPLAINT FOR FAILURE<br>TO SERVE AND PROSECUTE |

   This pro se complaint seeking judicial review of a decision by the Defendant Commissioner, was filed on March 2, 2012. On March 6, 2012, the Court issued a scheduling order directing Plaintiff to effect service on the United States Attorney, the Commissioner of Social Security, and the Attorney General of the United States no later than April 5, 2012. Plaintiff did not comply with this order.

   On April 17, 2012, an order was issued directing Plaintiff to show cause, on or before May 3, 2012, why the action should not be dismissed for failure to effect service and failure to prosecute. Plaintiff was warned that failure to comply with the order would

result in dismissal of the action for failure to prosecute. Plaintiff did not comply with this order either.

This action will be dismissed for failure to prosecute. Courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

In weighing these factors, the Court concludes that dismissal is appropriate in this case. Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Dismissal without prejudice would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendant. Finally, Plaintiff was advised of the consequences of not responding to the order to show cause in the time allowed. She apparently no longer wishes to continue with this proceeding.

//

Accordingly, it is ORDERED that this action be dismissed without prejudice for failure to prosecute.

Dated: May 16, 2012

                                                        _____
                                                        John F. Walter
                                                        United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge